ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

c Keenan

| | |
|---|---|
| DAVITA, INC., a Delaware corporation, and TOTAL RENAL CARE, INC., a California corporation authorized to do business in the State of Georgia,<br><br>Plaintiffs,<br><br>v.<br><br>NEPHROLOGY ASSOCIATES, P.C., a Georgia professional corporation, NEPHROLOGY CENTERS OF AMERICA, LLC, a Georgia limited liability corporation, DON WILLIAMSON, M.D., individually, MARK SMITH, M.D., individually, ALAN LAVINE, M.D., individually, and CLAY WILSON, M.D., individually,<br>Defendants. | Case No. CV102-077 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS COUNTS II, III, IV (IN PART), AND VI (IN PART) OF
PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND MONEY DAMAGES**

Nephrology Associates, P.C., Nephrology Centers of America, LLC, Don Williamson, M.D., Mark Smith, M.D., Alan LaVine, M.D., and Clay Wilson, M.D., (collectively "Defendants"), by and through their attorneys, Tucker, Everitt, Long, Brewton & Lanier and Ross & Hardies, hereby submit this Memorandum of Law in support of their Motion to Dismiss Counts II, III, IV (in part), and VI (in part) brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I. **Introduction**

Plaintiffs, Davita, Inc. ("Davita") and Total Renal Care, Inc. ("TRC") (collectively "Plaintiffs") filed a seven (7) count complaint against Defendants on May 16, 2002 seeking

33.

injunctive relief and money damages. However, Counts II, III, IV (in part), and VI (in part) of Plaintiffs' Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) empowers the Court to grant a motion to dismiss when a complaint fails to state a claim upon which relief can be granted. The federal rules require "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting Federal Rule of Civil Procedure 8(a)(2)). "Pleadings must be more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (quoting United States v. Students Challenging Regulatory Ag. Proc., 412 U.S. 669, 93, S.Ct. 2405, 2416 (1973) (internal marks omitted)). Additionally, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n. 16. Under this standard, Counts II, III, IV (in part), and VI (in part) of Plaintiffs' Complaint fail to state a claim upon which relief can be granted and should be dismissed.

II. **In Count II, Plaintiffs fail to state a claim of "injurious falsehood."**

In Count II of their Complaint, Plaintiff alleges a claim for "injurious falsehood." (Complaint at ¶¶ 42-43 ). However, there is no cognizable cause of action for injurious falsehood in the State of Georgia. Although Sections 623-626 of the Restatement (Second) of Torts recognize "injurious falsehood" as a tort, a review of Georgia law does not reveal an applicable statute or a single case where the Georgia Supreme Court (or any other Georgia court) has adopted sections 623-626 of the Restatement (Second) of Torts. In Carolina Industrial Products, Inc. v. Learjet, Inc., 189 F. Supp. 2d 1147, 1168 (D. Kan. 2001), the court recently evaluated the tort of injurious falsehood under Georgia law and concluded that, "[i]n fact,

2

Georgia has not recognized the tort of "injurious falsehood" and "without a stronger indication that Georgia would recognize sections 626 and 623A of the Restatement,... the court is unwilling to hold that the plaintiffs stated a valid cause of action under Georgia law." In short, Plaintiff's claim of "injurious falsehood" fails to state a cause of action and Count II should be dismissed.

### III.     In Count III, Plaintiffs fail to state a claim of defamation.

Plaintiffs' purported defamation claim fails for two reasons. As an initial matter, Plaintiffs have inadequately plead defamation because they have failed to allege any of the requisite elements. Second, all of the alleged statements made by Defendants about Plaintiffs are unverifiable opinions and thus not actionable.

#### A.     *Plaintiffs have inadequately plead defamation.*

In Count III of the Complaint, Plaintiffs fail to provide Defendants with fair notice of the grounds upon which Plaintiffs' defamation claim rests even under the liberal pleading requirements of the Federal Rules of Civil Procedure. In Paragraph 45 of the Complaint, Plaintiffs allege that "[m]ost if not all of the above statements made by the Nephrology Associates were made against TRC in reference to their trade and were calculated to injure, and did injure, TRC's character, goodwill and reputation in the Augusta, Georgia community." In paragraph 46, Plaintiffs allege that [s]aid statements constitute defamation specifically proscribed by O.C.G.A.§ 51-4(a)(3)."[1] Plaintiffs' allegation in paragraph 46 is a legal conclusion. Plaintiffs cannot simply cite to a statute and claim a violation without alleging specific elements of the cause of action. See Roe, 253 F.3d at 683 (citing Gooley v. Mobil Oil

---

[1] The statutory citation provided by Plaintiffs in paragraph 46 is incorrect. There is no such statute in Georgia. Rather, the Georgia slander statute is found at O.C.G.A. § 51-5-4.

3

Corp., 851 F.2d 513, 515 (1st Cir. 1988) (stating even under the liberal notice pleading standard, a plaintiff is still required to set forth factual allegations respecting each material element necessary to sustain recovery under some actionable legal theory.)

"Under Georgia law, three elements must be proven to establish defamation: (1) the statement was false, (2) the statement was malicious, and (3) the statement was published." Information Systems and Networks Corp. v. City of Atlanta, 281 F. 3d 1220, 1228 (11th Cir. 2002). Plaintiffs have not alleged any of the requisite elements. Although Plaintiffs vaguely assert that "most if not all of the... statements" alleged in the Complaint were defamatory (Complaint at ¶ 45), Plaintiffs have not alleged that any "statement" made by any Defendant was (1) false, (2) malicious and (3) published. Thus, Count III should be dismissed for failure to state a claim.

        B.    *The alleged statements are opinions and thus not actionable.*

Even if it could be argued that Plaintiffs appropriately plead a defamation claim, all of the statements alleged in the complaint are opinions and thus not actionable. Where an allegedly defamatory statement is unambiguous, given its plain and ordinary construction, the court absolutely can determine as a matter of law whether or not it is defamatory. See, e.g., Willis v. United Family Life Ins., 226 Ga. App. 661, 662, 487 S.E.2d 376, 379 (1997). However, "an assertion that cannot be proved false cannot be held slanderous." Board of Commissioners of Effingham County v. Farmer, 228 Ga. App. 819, 825, 493 S.E.2d 21, 27 (Ga. App. 1997). See also Webster v. Wilkens, 217 Ga. App. 194, 196, 456 S.E.2d 699, 701 (Ga. App. 1995) (holding that where subjective opinion cannot be proved or disproved it is not actionable); Blomberg v. Cox Enterprises, Inc., 228 Ga. App. 178, 180, 491 S.E.2d 430, 433 (Ga. App. 1997) (holding that an assertion which cannot be proved false is not actionable).

4

The only statements alleged to have been made by one of the Defendants specifically about Plaintiffs are as follows:

- Wilson told Dr. Shay, a doctor who treated patients at several TRC Facilities, that TRC exercised "undue influence" over approximately 20 patients who recently exercised their right to continue receiving their dialysis treatments at the TRC Waynesboro facility. (Complaint at ¶36(h)).

- Williamson specifically stated to a patient that "there are no ethics and morals" in the TRC South August Facility, and that "there is some bad stuff going on around here." (Complaint at ¶36(k)).

Both of these statements are nothing more than unverifiable opinions that cannot be proved true or false. In Board of Commissioners of Effingham County, the court found that certain statements attributed to two commissioners "were not defamatory because they were expressions of opinion concerning plaintiffs' professional abilities." 228 Ga. App. at 824, 493 S.E.2d at 27. The court went on to state: "The expression of opinion on matters with respect to which reasonable men might entertain differing opinions is not slanderous." Id. Under the same rationale, the alleged statements by Drs. Wilson and Williamson are merely "expressions of opinion" and thus not actionable. Therefore, Count III should be dismissed.

IV.    **In Count IV, Plaintiffs fail to state a claim under subsections (a)(2) and (a)(8) of the Georgia Deceptive Trade Practices Act.**

In Count IV, Plaintiffs allege that Defendants violated the Georgia Deceptive Trade Practices Act (the "Act"). O.C.G.A. § 10-1-372(a). More specifically, TRC alleges that Defendants:

(a)    caused confusion and/or misunderstanding among patients and persons in the Augusta, Georgia community as to the source, sponsorship, approval, or certification of the services provided by TRC at the TRC facilities;

(b)    disparaged the services and business of TRC and negatively affected the goodwill of TRC by the above-described false and misleading representations of fact; and

5

(c)   engaged in conduct that creates, and indeed created, confusion and/or misunderstanding concerning the patients' rights and options as to where they could seek renal dialysis treatment.

Plaintiffs' first allegation -- under paragraph (a) -- is apparently based on subsection (a)(2) of the Act, which provides: "A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he…[c]auses likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods and services." However, reliance on subsection (a)(2) is totally misplaced. A comment to Uniform Deceptive Trade Practices Act (which the Georgia Assembly enacted in 1968) indicates that subsection (a)(2) encompasses "confusion as to commercial source, approval, endorsement, or certification of goods or services caused by trademarks, service marks, certification marks, or collective marks likely to be associated with preexisting trade symbols." Uniform Deceptive Trade Practices Act 1964 § 2 (Comment 1998 Main Volume). The facts presented herein are wholly outside the scope of what the legislature intended in enacting subsection (a)(2). Therefore, Plaintiffs' allegations do not support a claim under subsection (a)(2) of the Act.

Plaintiffs' second allegation -- under paragraph (b) -- is apparently based on subsection (a)(8) of the Act, which provides: "A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he…[d]isparages the goods, services, or business of another by false or misleading representation of fact. In order to make out a claim under subsection (a)(8), Plaintiffs must allege that a disparaging statement was made by one of the Defendants. However, as set forth above (with respect to Plaintiffs' defamation claim), Plaintiffs have failed to allege that one of the Defendants made a statement that was false, malicious and published. If this Court dismisses Plaintiffs' defamation count, then Plaintiffs' deceptive trade practices count with respect to subsection (a)(8) of the Act must necessarily also be dismissed. Subsection (a)(8) of the Act also requires that a "false or misleading representation of *fact*" be

made. As discussed above, however, any alleged statements made by Defendants were not statements of fact, but, rather, statements of opinion.

Therefore, Plaintiffs' claims under subsections (a)(2) and (a)(8) of the Act are insufficient as a matter of law and the allegations in Count IV relating to those subsections should be dismissed.

V. **With respect to any allegations in Count VI relying on the Applications for Medical Practice Privileges and Rule for Practice Privilege agreements, Plaintiffs have failed to state a claim for breach of contract.**

In Count VI, Plaintiffs allege that Defendants breached certain noncompetition agreements. (Complaint at ¶¶ 54-60). However, Plaintiffs separate their allegations in Count VI into two (2) distinct time frames -- before and after September 27, 2001. More specifically, Plaintiffs allege:

(1) "To the extent that such conduct occurred **before September 27, 2001**, the Individual Defendants repeatedly violated and breached the numerous provisions and promises set forth in the Medical Director Agreement, and repeatedly breached the numerous provisions and promises set forth in the Applications for Medical Practice Privileges and Rule for Practice Privilege agreements that proscribe the solicitation, encouragement and inducement of TRC patients, physicians and employees. (Complaint at ¶ 58) (emphasis added).

(2) "To the extent that such conduct occurred **after September 27, 2001**, the Individual Defendants repeatedly breached the numerous provisions and promises set forth in the Applications for Medical Practice Privileges and Rules for Practice Privilege agreements that proscribe the solicitation, encouragement and inducement of TRC patients, physicians and employees. (Complaint at ¶ 59) (emphasis added).

With respect to any allegations set forth in paragraph 58 of the Complaint (allegations of a breach prior to September 27, 2001) relying on the Applications for Medical Practice Privileges and Rule for Practice Privilege agreements and with respect to all of the allegations set forth in paragraph 59 of the Complaint (allegations of a breach post-September 27, 2001), Plaintiffs have

7

failed to plead a requisite element of a breach of contract -- the existence of a valid and enforceable contract. Therefore, these allegations should be dismissed.

In this case, Plaintiffs allege that the Medical Director Agreement, the Applications for Medical Practices Privileges and the Rules for Practice Privilege Agreement "constitute independent, distinct, valid and enforceable contracts between the Individual Defendants, on one hand, and TRC on the other." (Complaint at ¶ 55). However, "[u]nder O.C.G.A. § 13-3-1, the plaintiff in a breach of contract action has the burden of pleading and proving three elements: subject matter of the contract, consideration, and mutual asset by all the parties to all contract terms." Broughton v. Johnson, 247 Ga. App. 819, 819, 545 S.E.2d 370, 371 (Ga. App. 2001). However, with respect to the "Applications for Medical Practices Privileges and Rules for Practice Privileges agreements" (hereinafter "the Bylaws"), Plaintiffs have not plead and cannot prove that there was consideration. In fact, under Georgia law, the Bylaws do not constitute valid and enforceable contracts because there was no consideration.

Georgia law is clear that hospital bylaws do not create a contract per se between the hospital and the doctors. See, e.g., Robles v. Humana Hospital Cartersville, 785 F. Supp. 989, 1002 (N.D. Ga. 1992). In Robles, the court held that "[t]he Bylaws cannot be considered a contract *per se* because there is no mutual exchange of consideration which brought them into existence." 785 F. Supp. at 1002. The court went on to explain: "[B]ecause the Hospital had the legal duty to develop the bylaws and the procedures therein independently of its association with Dr. Robles, no consideration could have been given for their creation, and, as stated above, without consideration, there cannot be a contract." Id. at 1001-1002. Absent the existence of a valid contract, Plaintiffs' breach of contract claim must be dismissed. See, e.g., Smith Service Oil Company, Inc. v. Parker, 250 Ga. App. 270, 270, 549 S.E.2d 485, 486 (Ga. App. 2001)

(court granted defendants' motion to dismiss, finding that no valid and enforceable contract existed).

VI. **Conclusion**

For the reasons stated above, Defendants, Nephrology Associates, P.C., Nephrology Centers of America, LLC, Don Williamson, M.D., Mark Smith, M.D., Alan LaVine, M.D., and Clay Wilson, M.D., respectfully request that this Court dismiss counts II, III, IV (in part), and VI (in part) of Plaintiffs' Complaint.

                            Respectfully submitted,

                            Thomas W. Tucker
                            Georgia Bar No. 717975

Of Counsel:

TUCKER, EVERITT, LONG, BREWTON & LANIER
Post Office Box 2426
August, Georgia 30903-2426
(706) 722-0771

Brian A. Sher
Erin F. Martin
Ross & Hardies
150 North Michigan Avenue
Chicago, Illinois 60601-7567
(312) 558-1000

                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

This is to certify that on the ___5___ day of August, 2002, I served a copy of the within and foregoing Memorandum Of Law In Support Of Defendants' Motion To Dismiss Counts II, III, IV (In Part), and VI (In Part) Of Plaintiffs' Complaint For Injunctive Relief and Money Damages upon the following by depositing a copy of same to each in the United States mail with adequate postage affixed thereon to ensure proper delivery addressed as set forth below:

Percy J. Blount  
Glover, Blount & Millians  
429 Walker Street  
Augusta, GA 30901

Paul E. Chronis  
McDermott, Will & Emery  
227 West Monroe Street  
Chicago, Illinois 60605-5096

_____  
THOMAS W. TUCKER  
Georgia Bar No. 717975